Powell v. Ong.

## Vance M. Powell v. T. J. Ong.

1. COLLATERAL SECURITIES—*Duty of the Pledgee.*—A pledgee who holds commercial paper as collateral security for the payment of his debt, has no power, in the absence of special authority, to sell it upon default of payment, but is bound to hold and collect it as it becomes due and apply the net proceeds to the payment of his debt.

2. SAME—*Right of the Pledgee to Compromise with the Maker of the Collateral.*—The holder of commercial paper as collateral security for a debt due him, has no right, except in very extreme cases, to compromise with the parties to such security for a sum less than the amount due, and in case he does so he will be compelled to account to the pledgor for the full value.

3. SAME—*What is Not a Sale by a Pledgee, Under Express Authority to Sell.*—Where the pledgee of commercial paper as collateral security has express authority to sell it at public or private sale, and instead of so doing surrenders it to the maker at maturity for a less sum than the amount due, without making an effort to collect the whole amount, such surrender is not such a sale as is contemplated by the parties to the pledge and will render the pledgee liable to an action for the injury sustained by the pledgor.

4. SAME—*Power of the Pledgee to Compromise in the Absence of a Special Agreement.*—The pledgee of negotiable instruments as collateral security can not, in the absence of a special agreement, accept anything less than the full amount due from the parties bound, and any trade or compromise by the pledgee with the parties to such collateral by which the same is surrendered for less than its face value, is a breach of duty on the part of the pledgee.

5. MEASURE OF DAMAGES—*Where the Pledgee of Collateral Security Effects a Compromise with the Parties Bound.*—Where the pledgee of a promissory note, without authority, effects a compromise with the maker, he must respond to owner of such note for the value of it, and the burden of showing that the true value of the note is less than its face value, is upon the pledgee.

Trespass on the Case, for a wrongful disposition of collateral security. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

DAVID E. CONIGISKY, attorney for appellant.

JOHN J. SANDS and ELLWOOD, MEEK & LOVETT, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On January 12, 1899, appellee being indebted to appellant in the sum of $94.71, gave the latter his note for that amount, payable on or before July 30, 1899, with interest at the rate of seven per cent per annum. At the same time he delivered to appellant as collateral security for the payment of said note, another note executed by Fred A. Connor for the sum of $650, dated July 30, 1898, due one year after date with interest at the rate of seven per cent per annum, with a power of attorney to confess judgment at any time in any court of record. In return, appellant, by his attorney, gave appellee an instrument in writing showing that the $650 note was to be held as collateral security for the note for $94.71, and that upon the payment of the latter the former note was to be returned to appellee. At the time the notes matured appellee was absent from the State and shortly afterward both the notes were turned over to Connor, who paid appellant the amount due upon appellee's note for $94.71. On August 4, 1899, appellant wrote appellee, saying " I disposed of your note to Connor for my money." Some four months later appellee tendered appellant the amount due on his note for $94.71 and demanded the return of the collateral note for $650. Appellant did not return the latter, however, for the reason, as he said, that Mr. Connor had both notes and they were now out of his hands.

This suit is an action on the case brought by appellee to recover damages alleged to have been sustained by him by reason of the disposal of said collateral note by appellant. The declaration contained two counts; the first alleges the failure of appellant to give public notice of the sale of the collateral note. The second the failure to return the same upon a tender of the amount due appellant upon appellee's note. Appellant pleaded the general issue and gave notice that under it he would make proof of the insolvency of Fred A. Connor, the maker of the collateral note. There was a verdict and judgment for $350.

The principal question which arises in this case is whether the holder of collateral security which is deposited with him, without express power of sale, can legally sell the same or dispose of it by way of compromise, to the maker of the same, either with or without notice to the owner. The law is well settled in this State, that " a pledgee who holds commercial paper as collateral security for the payment of his debt, has no authority, in the absence of a special power for that purpose, to sell securities upon default of payment, at public or private sale. He is bound to hold and collect the same as they become due, and apply the net proceeds to the payment of the debt so secured." Levy v. Chicago National Bank, 158 Ill. 88; Joliet Iron and Steel Co. v. Scioto Fire Brick Co., 82 Id. 548; Union Trust Co. v. Rigdon, 93 Id. 458.

This case, however, differs from those in which a direct sale in the market has been made of the collateral, in that the collateral note in question here was turned over directly to its maker upon the payment by him of the amount due on the principal note.

In Story on Bailments, Sec. 321, it is said :

" The person holding commercial paper as collateral security for a debt due him has no right, unless perhaps in a very extreme case, to compromise with the parties to the security for a less sum than the sum due on the security, and if he does he will be compelled to account to the pledgor for the full value."

The case of Union Trust Co. v. Rigdon, *supra*, was very similar to the one under consideration, save in that case there was express written authority to the pledgee to sell the collateral security, or any part thereof, at public or private sale. In that case the pledgee surrendered the collateral securities to the maker at their maturity, without any effort to collect the same, for a sum less than was due thereon, but for enough to pay the principal debt. It was held by the court that such transaction was not a sale, as contemplated by the parties to the pledge, and that it rendered the pledgee liable in an action on the case to the pledgor for the injury sustained by the latter.

In Colebrook on Collateral Securities, Sec. 96, the rule is stated as follows:

" The pledgee of negotiable securities as collateral security is not permitted in the absence of special agreement, in his dealings with the securities, to accept anything less in discharge or satisfaction of them from the parties bound, than the face value of such paper. Any trade or compromise or rebate made by the pledgee with the maker or other parties to such collaterals, whereby the same are surrendered for less than the face value thereof, is a breach of the duty of the pledgee and is not sustained. Any arrangement whereby the securities are transferred for less than is due thereon to a party already bound, for the full amount, is a compromise, notwithstanding a power of sale has been given by the contract of pledge."

It is therefore apparent from the above authorities that appellant by disposing of the collateral note to the maker thereof, rendered himself liable to appellee for any damages sustained by the latter and it was immaterial whether there was any actual fraud or collusion on the part of appellant in the transaction. The measure of damages was *prima facie* the amount due on the collateral note, less the debt it was given to secure, and the burden of proving the amount to be less was upon the appellant.

" When the pledgee of a promissory note, without authority, compromises with the maker thereof, he must respond to the pledgor and owner for the value of such note, and *prima facie* the face value is the true value, the burden of showing that the true value is less than the face value being thrown upon the pledgee." Union Nat. Bank v. Post, 64 Ill. App. 404.

In this case an attempt was made to show the insolvency of Connor but it was not sustained by the weight of the evidence and the jury was fully justified in finding a verdict in the sum of $350, which was considerably less than the amount due on the note.

Appellant complains that proper instructions offered by him were refused by the court and improper instructions given on the part of appellee. We are of opinion, however, that the court did not err in this regard and the jury was

fairly instructed by the trial court as to the law applicable to the case upon the lines above indicated. The judgment of the court below will therefore be affirmed.