EMMA KAUFMANN, APPELLANT, v. THOMAS E. PARMELE, APPELLEE.

FILED APRIL 1, 1916. No. 18839.

1. **Conversion: GIFTS: PROOF.** In an action for conversion, proof of facts showing that the owner of bonds deposited with defendant for safe-keeping delivered the receipt therefor to plaintiff with the intention of making a gift thereof may establish plaintiff's title thereto, though the receipt was transferred without indorsement or assignment.

2. ——: Bonds: Value: Presumption. In an action for the value of bonds converted by defendant, the presumption is that they were worth their face value, and the burden of proof is on defendant to show the contrary.

3. ——: ——: Measure of Damages. In an action by a pledgor against a stranger to the pledge for conversion of the pledged property, the measure of damages is the value of such property, less any sums paid by defendant to the pledgee.

Appeal from the district court for Cass county: James T. Begley, Judge. Reversed.

D. O. Dwyer, for appellant.

C. A. Rawls and W. A. Robertson, contra.

Rose, J.

In this action defendant is called to account for conversion of stock, in the sum of $5,000, and bonds, in the sum of $10,000, issued by the Long Distance Telephone Company of Norfolk, Nebraska. When William Volk was owner of the stock and bonds in controversy defendant obtained possession of them under the following instrument, described in the record as "Plaintiff's Exhibit 1":

"T. E. Parmele, President.          G. H. Wood, Cashier.
"Bank of Commerce.   Capital $10,000.   Surplus $5,000.
                    "Louisville, Nebraska, February 1, 1910.
"Received of William Volk, for safe-keeping, $10,000 six per cent. gold coupon bonds; $5,000 six per cent. preferred stock, Long Distance Telephone Company of Norfolk, Nebraska. It is agreed between Thomas E. Parmele and William Volk that these bonds and stock are to be held at the Bank of Commerce, at Louisville, Nebraska, for five years, and the income to be paid over to William Volk as paid.  Thomas E. Parmele."

Thomas E. Parmele, trustee for the purposes thus disclosed, is defendant. He was president of the Bank of Commerce, and was an officer and a stockholder of the Long Distance Telephone Company. In the petition plaintiff pleaded ownership of the stock and bonds by gift from

Volk, delivery to her of the receipt quoted, and conversion of the property by defendant. The latter, in his answer, denied the gift and the conversion, and pleaded that Volk withdrew the stock and bonds from the safe-keeping of defendant and pledged them to the Bank of Commerce as collateral security for money borrowed from it, and thus received more than the value of the property pledged. In a reply to the answer, the withdrawal of the stock and bonds from the safe-keeping of defendant and the indebtedness and the pledge of Volk were denied. The trial court found the issues in favor of defendant and dismissed the action. Plaintiff has appealed.

The first question presented is plaintiff's ownership of the stock and bonds. In attempting to justify the judgment below, defendant argues that plaintiff did not prove the gift pleaded by her. The position thus taken is untenable. Volk was the owner of the stock and bonds February 1, 1910, when he entrusted them to the safe-keeping of defendant. Volk was engaged to be married to plaintiff, and during the existence of that relation delivered to her the receipt for the stock and bonds January 7, 1911, saying that he gave them to her, that they were in the bank at Louisville, and that he had no relatives. She kept the receipt in her possession at all times after he delivered it to her. He died May 5, 1912. Their engagement had never been abrogated. These facts were proved by uncontradicted evidence admitted without objection. Defendant, nevertheless, insists that the transfer of the receipt, unindorsed, without actual delivery of the stock and bonds, is insufficient to establish a gift. No heir, executor or administrator claims the property. The unincumbered ownership of Volk and his right of possession February 1, 1910, are not disputed. According to the receipt, Volk then parted with possession. Thereafter the property was in the hands of defendant as trustee. Volk's ownership and title were not affected by the change in possession. He had a right to donate the stock and bonds to plaintiff. The receipt was a symbol of ownership. It was written

Kaufmann v. Parmele.

evidence of defendant's obligation to keep the property for Volk and to return it to him or to his assign. It was all Volk had in his possession to deliver when he made his donation. Under these circumstances delivery of the receipt to plaintiff with the intention of making her a gift amounted at least to an equitable transfer of the property to her. The transaction was valid between the parties to it. By it plaintiff acquired the rights of Volk, and with those rights defendant is not in a position to interfere. Plaintiff's ownership by gift is therefore established by uncontradicted evidence.

What became of the stock and bonds entrusted to defendant and subsequently donated to plaintiff? Volk had accepted them in part payment for a quarter section of land purchased from him by defendant. They had been issued by the Long Distance Telephone Company. Defendant was a stockholder and an officer of that corporation. Its bonds had been secured by a mortgage on its property. In a suit in the district court for Madison county, to foreclose the mortgage, the bonds donated to plaintiff were turned over to the clerk of that court. They had been taken from the Bank of Commerce. In thus taking and using the bonds defendant justifies himself in the language of his brief as follows:

"This he had a perfect right to do, as it is shown by the plaintiff's exhibit 1 that he was president of the bank, and his testimony is that the proceeds realized therefrom on the sale of foreclosure was less than the amount he had loaned to Volk."

Defendant bought the property of the Long Distance Telephone Company at foreclosure sale for $20,010, and sold it a few days later, July 1, 1912, for $50,000. Some of the bondholders shared with defendant in the proceeds of the resale, but there is no proof that plaintiff participated therein, or that any part of Volk's alleged indebtedness to the Bank of Commerce was ever paid.

The acts and conduct outlined amounted to a conversion, unless defendant pleaded and proved a justification. In

99 Neb. 40

his answer he alleged in general terms that Volk withdrew his bonds from the safekeeping of defendant and pledged them to the Bank of Commerce as collateral security for money borrowed from it, and thus received more than the value of the property pledged. The testimony of defendant is that the bank's loans to Volk amounted to $4,689.20. The testimony of the cashier is of a similar nature. There is no proof of a specific loan, of the execution of a note, or of an unpaid debt. Amounts and dates of loans were not stated. There is no documentary evidence of any debt or loan. No book entry or other record of the bank was offered. No excuse for such a method of attempting to establish a defense was suggested. An indebtedness essential to the pledge on which defendant relies is not shown by competent evidence. A trustee, bailee, pledgee or meddler cannot be permitted to escape liability in that manner.

The defense fails for other reasons. Defendant did not prove his allegation that Volk owed the bank more than the value of the property pledged. According to incompetent testimony, the bank's loans to Volk only amounted to $4,689.20, if unpaid. Presumably the converted bonds were worth their face value. The burden of proof was on defendant to show that their actual value was less than their face value. *Powell v. Ong,* 92 Ill. App. 95; *Clark v. Cullen,* 44 S. W. (Tenn.) 204. There is no competent evidence sufficient to overcome the presumption that the actual value of the converted bonds was the same as their face value of $10,000. On this branch of the defense, therefore, there is no justification for the dismissal of plaintiff's suit.

It may be fairly inferred from the testimony, from the admissions of defendant and from his attitude toward plaintiff, that he took the bonds from the Bank of Commerce and left them with the clerk of the district court for Madison county, where a suit to foreclose the mortgage securing them was pending. Defendant was sued as an individual. The bonds were not pledged to him. There is no intimation that Volk was indebted to defendant.

The latter did not prove that he paid any part of Volk's alleged indebtedness to the Bank of Commerce. Title or right of possession is not traced from the pledgee to defendant. Defendant's right to the stock and bonds was neither pleaded nor proved. On the record presented defendant was a stranger to the pledge. The law is that, in an action by a pledgor against a stranger to the pledge for conversion of the pledged property, the measure of damages is the value of such property, less any sums paid by defendant to the pledgee. *Craig v. McHenry*, 35 Pa. St. 120; Jones, Collateral Securities (3d ed.) sec. 434.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.